DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for David & Karen Acker*
120 Bloomingdale Road
White Plains, NY 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.
James Glucksman, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

MARK STEVEN ACKER,                              Chapter 11
                                                Case No. 22-22359 (SHL)

        Debtor.
-------------------------------------------------------------------X

DAVID ACKER AND KAREN ACKER,


                         Plaintiffs,
          -against-                              Adv. Proc. No. 22-

MARK STEVEN ACKER,
                         Defendant.
-------------------------------------------------------------------X

**COMPLAINT BY DAVID ACKER & KAREN ACKER TO
DETERMINE NON-DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. § 523**

David Acker and Karen Acker (the "Plaintiffs"), by their attorneys, Davidoff Hutcher &

Citron LLP, as and for their Complaint pursuant to 11 U.S.C. § 523(a)(2), (4) and (6), file this

Complaint against the Debtor-Defendant Mark Steven Acker (the "Debtor" or "Defendant") to

determine the non-dischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and

523(a)(6), and respectfully allege as follows:

## JURISDICTION AND VENUE

1.     On or about June 15, 2022, Defendant filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the above referenced bankruptcy case now pending before this Bankruptcy Court.

2.     This Adversary Proceeding is brought under and in connection with the above-referenced chapter 11 bankruptcy case that is now pending before this Bankruptcy Court.

3.     This Bankruptcy Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

4.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5.     This is a proceeding to determine the non-dischargeability of debt and hence is a "core proceeding" under 28 U.S.C. § 157(b)(I).

## THE PARTIES

6.     Plaintiff Karen Acker is sister of Defendant and resides in the State of New York.

7.     Plaintiff David Acker is brother of Defendant and resides in the State of Vermont.

8.     Defendant Mark Steven Acker resides at 2305 Round Pointe Drive, Haverstraw, New York 10927.

## ALLEGATIONS COMMON TO ALL COUNTS

9.     The Plaintiffs are siblings of the Debtor and due to bad conduct solely by the Debtor, have been embroiled in vexatious and at times spurious litigation, related to their father's estate, the Estate of Stanley Acker (the "Estate") and the Matter of the Irrevocable Life Insurance Trust, Stanley Acker, Grantor dated October 1, 1987 (the "1987 Trust"). Both matters

are still pending in Palm Beach County, Florida. The Debtor has already been found to have committed willful and malicious tortious acts and/or to have breached his duties in his capacity as a fiduciary to Plaintiffs in both cases, resulting in various non-dischargeable claims.

10.     Throughout the administration of the Estate, the Debtor breached his fiduciary duties, causing claims arising from numerous and duplicative litigation and legal fees that plagued and sapped the administration of the Estate, which directly harmed the Plaintiffs despite previously agreeing to a valid and enforceable settlement agreement to resolve these issues (the "2010 SA").

11.     Since all of the Plaintiffs' claims described herein are as a result of the Debtor's willful and malicious breach of his fiduciary duties to the Plaintiffs, the claims are non-dischargeable within the meaning of inter alia, 11 U.S.C. § 523(a)(4) and (6).

## FIRST CAUSE OF ACTION

### (WILLFUL AND MALICIOUS INJURY, WITH REGARD TO LITIGATION CONCERNING THE 2010 SA)

12.     Repeats and realleges each and every allegation contained in Paragraphs 1 through 11 above, as if same were fully set forth at length herein.

13.     The 2010 SA was entered into by the parties on November 16, 2010, approved by order of the Florida Court, and is a binding contract under Florida law, entered into by the parties willingly, knowingly, and voluntarily. A copy of the 2010 SA is annexed hereto as Exhibit "A".

14.     The 2010 SA specifically provides that the parties "have fully discussed this agreement with their attorneys with respect to the meaning and effect of the provisions of this agreement and have voluntarily chosen to sign this agreement, fully understand its content, meaning, legal effect and consequences, free of any duress or coercion."

15.     Ultimately, on February 2020 the Florida Court issued a final Judgment (the "Judgment") against the debtor annexed hereto as Exhibit "B", finding inter alia, the Debtor was in material breach of the 2010 SA.  The Judgment specifically supported the expert witness. The Court specifically found:

> "Mr. Forman's testimony is credible.  Pursuant to 733.901(2), Florida Statues, the instant actions filed by KA and DA (Petitioners) are not barred by any statute of limitations.  MA's (Debtor's) testimony was not credible and from his actions it is clear he did not adhere to Florida law regarding personal representatives and trustees.  Furthermore he failed to abide by multiple terms of the 2010 SA (Settlement Agreement) by taking actions including but not limited to:
>
> a)  *Interference with the IRS and Audit, including but not limited to seeking to have a higher tax burden imposed upon the Estate, which led to the imposition of significant additional and unnecessary legal and other professional fees upon the Estate;*
> b)  *MA's interference in the Accounting Proceeding;*
> c)  *Repeatedly attempting to unilaterally remove the court appointed fiduciary;*
> d)  *Objecting to, and/or blocking payment of administrative expenses, including professional fees incurred in connection with the administration of the Estate;*
> e)  *Refusal to abide by the terms of the 2010 SA requiring that all future accounting be waived;*
> f)  *Contacting the IRS and making false allegations of a conspiracy;*
> g)  *Failing to abide by the duties imposed upon fiduciaries, such as MA, duties to (i)carry out the decedent's intent; (ii) to administer and close the estate in the most efficient manner possible; (iii) to respect and abide, and not hinder, the majority decisions made by his co-fiduciaries; and (iv) to act, at all times, in the best interests of the Estate; and*
> h)  *By acting in his own personal interests instead of acting in the best interests of the Estate."*

16.     The Judgment also found that "Plaintiffs' expert witness, Peter Forman, Esq, who has over 30 years of probate experience, testified credibly that the Debtor's behavior toward the Estate was "pure animus", in violation of Florida Law, and probate rules…." Debtor's misconduct has not only been found in Florida but also in New York where he continued filing lawsuits against Plaintiffs and wherein the Honorable Judge Thomas E Walsh, II New York State Supreme Court, by Order dated December 15, 2014 stated: "Nonetheless, [Plaintiffs] have made out a compelling case that [Debtor] is motivated by animus, and that he is willing to sacrifice a reasonable sale price to spite his siblings.".

17.     In the Judgment, the Florida Court awarded, inter alia, the following damages in favor of the Plaintiffs and against the Debtor, which are to be surcharged from the Debtor's share of the Estate or Martial Trust, or otherwise imposed against him personally:

a. Tannenbaum Halpern attorneys' fees related to the Accounting Action, as testified to by expert Peter Forman, Esq.: $362,500.00;

b. Proskauer Rose attorneys' fees not related to the Declaratory Action as testified to by expert Peter Forman, Esq., Jonathan Galler, and Karen Acker: $225,500.00;

c. Proskauer Rose attorneys' fees related to the Declaratory Action, as testified to by expert Peter Forman, Esq.: $254,000.00;

d. Gutter Chavez attorneys' fees, as testified to by expert Peter Forman, Esq.: $58,000.00;

e. Additional fees incurred in the Marital Trust action since trial began in March 2019, as testified to by Karen Acker: $60,000.00;

f. TOTAL: $960,000

18.     Plaintiffs demand judgment against the Defendant, pursuant to 11 U.S.C. § 523(a)(6) in the amount of $960,000.00.

**SECOND CAUSE OF ACTION**

**(FRAUD OR DEFALCATION IN A FIDUCIARY
CAPACITY, WITH REGARD TO LITIGATION
CONCERNING THE 2010 SA)**

19.     Repeats and realleges each and every allegation contained in Paragraphs 1 through 18 above, as if same were fully set forth at length herein.

20.     The Judgment also found that "[Debtor] breached his fiduciary duties to the Estate, his co-fiduciaries, and his co-beneficiaries. [Debtor's] actions dictate application of the Inequitable Conduct Doctrine recognized by the Florida Supreme Court in *Bitterman v Bitterman*, 714 So. 2d 356 (Fla.1988). As applied by the Florida Supreme Court, this doctrine permits an award of attorney's fees and costs against a party personally where they acted egregiously, in bad faith, vexations, wantonly, or for oppressive reasons. Independently and collectively, the Court finds that [Debtor's] breaches of the 2010 SA, his breaches of fiduciary duties, and other actions were egregious, in bad faith, vexations, wanton or oppressive."

21.     The Debtor, as found by the Florida Court, has, breached his fiduciary duties to Plaintiffs in connection with the 2010 SA.

22.     Plaintiffs' claims under the Judgment are the result of inter alia, the Debtor's willful and malicious conduct as found by the Florida Court.

23.     Plaintiffs demand judgment against the Defendant, pursuant to 11 U.S.C. §523(a)(4) in the amount of $960,000.00, for fraud or defalcation in a fiduciary capacity.

**THIRD CAUSE OF ACTION**

**(CLAIM FOR ATTORNEYS' FEES RELATED TO
WILLFUL AND MALICIOUS INJURY WITH REGARD TO
LEGAL FEES INCURRED UNDER THE JUDGMENT)**

24.     Repeats and realleges each and every allegation contained in Paragraphs 1 through 23 above, as if same were fully set forth at length herein.

25.     The Debtor, as found by the Florida Court in the Judgment, has cost the Plaintiffs and their counsel numerous damages costs. In an attempt to mitigate these damages and restore order to the Estate, the Plaintiffs exhausted approximately $650,000.00 in attorneys' fees.

26.     The Judgment awarded Plaintiffs' attorneys to seek reimbursement from the Defendant for their legal fees incurred in connection with the Judgment.

27.     This claim to determine the amounts, was scheduled to be heard before the presiding Judge but was ultimately stayed due to the filing of bankruptcy by the Debtor.

28.     Plaintiffs demand judgment against the Defendant, pursuant to 11 U.S.C. § 523(a)(6) in the approximate amount of $650,000.00, or such other actual amount as is awarded by the state court, for costs and attorneys' fees incurred as a result of willful, malicious injury to the Plaintiffs.

**FOURTH CAUSE OF ACTION**

**(CLAIM FOR ATTORNEYS' FEES RELATED TO LEGAL
FEES INCURRED UNDER THE JUDGMENT, FRAUD OR
DEFALCATION IN A FIDUCIARY CAPACITY WITH
REGARD TO THE LITIGATION IN THE 2010 SA)**

29.     Repeats and realleges each and every allegation in Paragraphs 1 through 28 above, as if same were fully set forth at length herein.

30.     The Debtor, as found by the Florida Court, has, cost the Plaintiffs and their counsel numerous damages costs. In an attempt to mitigate these damages caused by the Debtor

in his capacity as a trustee and restore order to the Estate, the Plaintiffs exhausted approximately $650,000.00 in attorneys' fees.

31.     The Judgment awarded Plaintiffs' attorneys to seek reimbursement from the Defendant for their legal fees incurred in connection with the Judgment.

32.     The Debtor, as found by the Florida Court in the Judgment, has cost the Plaintiffs and their counsel numerous damages costs. In an attempt to mitigate these damages and restore order to the Estate, the Plaintiffs exhausted approximately $650,000.00 in attorneys' fees.

33.     This claim was scheduled to be heard before the presiding Judge but was ultimately stayed due to the filing of bankruptcy by the Debtor.

34.     Plaintiffs demand judgment against the Defendant, pursuant to 11 U.S.C. § 523(a)(4) in the approximate amount of $650,000.00, or such other actual amount as is awarded by the state court, for costs and attorneys' fees incurred as a result of fraud or defalcation by the Debtor as a fiduciary.

### FIFTH CAUSE OF ACTION

**(WILLFUL AND MALICIOUS INJURY WITH REGARD
TO LITIGATION CONCERNING THE 1987 TRUST)**

35.     Repeats and realleges each and every allegation contained in Paragraphs 1 through 34 above, as if same were fully set forth at length herein.

36.     With regard to the 1987 Trust, the Florida Courts have found, on at least two occasions that the Debtor breached his fiduciary duties as a result of the Debtor's misappropriation of funds from the 1987 Trust resulting in inter alia, the Debtor's removal as the sole trustee of the 1987 Trust.

37.     Further, the Debtor, and as established in similar litigation concerning the 2010 SA, was acting with animus directed at Plaintiffs in administration of the 1987 Trust.

38.    As a result of the Debtor's misconduct, the Florida Courts removed Mark Acker as the sole trustee and appointed an outside trustee to continue to manage the 1987 Trust.

39.    The Debtor has, motivated by pure animus, willfully and maliciously injured Plaintiffs as has been demonstrated in multiple court orders awarding damages and legal fees to the Plaintiffs.

40.    Plaintiffs demand judgment against the Defendant, pursuant to 11 U.S.C. § 523(a)(6) in the amount of approximately $400,000.00 or such other actual amount as is awarded by the state court.

**SIXTH CAUSE OF ACTION**

**(FRAUD OR DEFALCATION IN A FIDUCIARY
CAPACITY, WITH REGARD TO LITIGATION
CONCERNING THE 1987 TRUST)**

41.    Repeats and realleges each and every allegation contained in Paragraphs 1 through 40 above, as if same were fully set forth at length herein.

42.    The Debtor, as found by the Florida Court in connection with parallel litigation concerning the 2010 SA has, breached his fiduciary duties to Plaintiffs in connection with the 1987 Trust, in a like and similar manner. The Honorable Judge French in the 15th Judicial circuit in and for Palm Beach County, Florida in May of 2016 found the Debtor in breach of the 2010 SA stating, "Mark Acker, who is the trustee, has breached his fiduciary duty by not complying with the statute…." "We've got a continuing act of – of breach of fiduciary duty, breach of compliance with the statutes that - - that require every trust — to follow, but I guess Mr. Mark Acker thinks he doesn't have to abide by these rules." And just over two years later the successor judge (for Judge French), the Honorable Samantha Schosberg Feuer, 15th Judicial Court in Palm Beach County, Delray Beach, Florida, on December 7, 2018 wrote in her order

"Respondent Mark Acker shall be surcharged for payments and/or loans he made in his capacity as Trustee and for using Trust Funds for a) matters for his own use and/or personal benefit, b) overpayment of attorney's fees, c) overpayment of accountants' fee and/or d) for improperly document loans (as set forth in the Motion for Partial Summary Judgment; the Court reserves ruling as to amount of surcharge."

43. Plaintiffs demand judgment against the Defendant, pursuant to 11 U.S.C. § 523(a)(4) in the amount of approximately $400,000.00, or such other actual amount as is awarded by the state court, for fraud or defalcation in a fiduciary capacity.

## SEVENTH CAUSE OF ACTION

### (ACTUAL FRAUD WITH REGARD TO LITIGATION CONCERNING THE 1987 TRUST)

44. Repeats and realleges each and every allegation contained in Paragraphs 1 through 43 above, as if same were fully set forth at length herein.

45. Upon information and belief and based upon written representations of Debtor and his counsel, the Plaintiffs believe the Debtor was responsible for misappropriating almost $600,000.00 from the 1987 Trust during his capacity as the sole fiduciary before his removal.

46. During the 1987 Trust litigation, the Debtor filed multiple representations falsely claiming that the Plaintiffs stole monies from the 1987 Trust which was impossible since the Debtor was the sole trustee of this trust until removed by the court and replaced with another trustee appointed by the court.

47. Plaintiffs believe instead that the Debtor misappropriated the $600,000.00 in question during his trusteeship.

48.     Despite the Plaintiffs' attempt to litigate this issue, it was dismissed by the Florida Court granting the Debtor's motion to dismiss. Plaintiffs intended to appeal this decision, but since the Debtor filed for bankruptcy, this matter is also stayed.

49.     Plaintiffs demand judgment against the Debtor, pursuant to 11 U.S.C. § 523(a)(2) in the amount of $600,000.00 for actual fraud, or such other actual amount as is awarded by the state court..

## EIGHTH CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY WITH REGARD TO ACTUAL FRAUD CONCERNING THE 1987 TRUST

50.     Repeats and realleges each and every allegation contained in Paragraphs 1 through 49 above, as if same were fully set forth at length herein.

51.     Upon information and belief, the Plaintiffs believe the Debtor was responsible for misappropriating almost $600,000.00 from the 1987 Trust during his capacity as the sole fiduciary before his removal.

52.     Said actions of the Defendant are a clear violation of his duty as a fiduciary of the 1987 Trust and he was in fact removed as the sole trustee by the Florida Court for breach of his fiduciary duties.

53.     Plaintiffs demand judgment against the Debtor, pursuant to 11 U.S.C. § 523(a)(4) in the amount of $600,000.00, for fraud or defalcation in a fiduciary capacity or such other actual amount as is awarded by the state court.

## NINTH CAUSE OF ACTION

### (FRAUD AND DEFALCATION IN A FIDUCIARY
### CAPACITY IN CONTEXT OF SIBLING RELATIONSHIP)

54.     Repeats and realleges each and every allegation contained in Paragraphs 1 through 53 above, as if same were fully set forth at length herein.

55.     Debtor, as sibling of Plaintiffs, as a matter of law and honor inherently enjoys or is deemed to enjoy a relationship of utmost trust and confidence.

56.     Debtor has, in manners known as pleaded above and unknown, violated this trust and confidence to Plaintiffs.

57.     In the event that this Court or any court of competent jurisdiction determines that the Debtor has breached a fiduciary duty to Plaintiffs and that breach has caused Plaintiffs loss cognizable at law, or has willfully and/or maliciously injured Plaintiffs, such debts, both known and unknown, are non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) or (a)(6) as fraud and/or defalcation in a fiduciary capacity or for willful and malicious injury, respectively.

**WHEREFORE,** Plaintiffs demand judgment declaring the foregoing debts non-dischargeable, and entering money judgment in an amount to be determined by the Court, together with such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
        September 1, 2022
                                DAVIDOFF HUTCHER & CITRON LLP


                        By:   _/s/ James Glucksman_
                                James Glucksman, Esq.
                                Jonathan S. Pasternak, Esq.
                        *Attorneys for David & Karen Acker*
                        120 Bloomingdale Road
                        White Plains, New York 10605
                        (914) 381-7400
                        rlr@dhclegal.com