DAVIDOFF HUTCHER & CITRON LLP  
*Attorneys for David & Karen Acker, Plaintiffs*  
120 Bloomingdale Road, Suite 100  
White Plains, New York 10605  
(914) 381-7400  
Robert L. Rattet, Esq.  
Jonathan S. Pasternak, Esq.

*Hearing Date:* June 9, 2023  
*Hearing Time:* 10:30 am

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------------X  
In re:

MARK STEVEN ACKER,

    Debtor.

----------------------------------------------------------------X

DAVID ACKER AND KAREN ACKER,

    Plaintiffs,

  -against-

MARK STEVEN ACKER,

    Defendant.

----------------------------------------------------------------X

Chapter 7  
Case No. 22-22359 (SHL)

Adv. Proc. No.  
22−07038−shl

## MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MARK STEVEN ACKER

  Karen Acker and David Acker (the "Plaintiffs"), by and through their attorneys, Davidoff Hutcher & Citron LLP, in support of their motion (the "Motion") for partial summary judgment against Mark Steven Acker ("Defendant") pursuant to Federal Rule of Civil Procedure 56(g) and Federal Rule of Bankruptcy Procedure 7056 (the "Bankruptcy Rules"), respectfully allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(i). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PRELIMNARY STATEMENT

2. On September 1, 2022, the Plaintiffs commenced an adversary proceeding (the "Adversary Proceeding") seeking inter alia, a declaratory judgment against the Defendant for the Defendant's willful and malicious breach of his fiduciary duties to the Plaintiffs, finding that their claims against the Defendant are non-dischargeable within the meaning of inter alia, 11 U.S.C. § 523(a)(4) and (6). Despite several extensions of time for the Defendant to answer, the Defendant ultimately defaulted on March 6, 2023. A copy of the complaint and summons is annexed hereto as Exhibit "A". On March 10, 2023, the Clerk entered a default against the Defendant. On March 17, 2023, the Plaintiffs filed a motion for default judgment against the Defendant. On March 28, 2023, the Defendant filed his pro se answer, which dubiously is dated October 11, 2022.[1] A copy of the answer is annexed hereto as Exhibit "B". Despite the defective answer, there are multiple material undisputed facts that entitle the Plaintiffs to partial summary judgment, specifically on the first two counts of their complaint in the Adversary Proceeding. For the reasons explained further below, partial summary judgment should be granted in favor of the Plaintiffs.

---

[1] The Plaintiffs contend the answer is defective for two reasons: 1) it is untimely and 2) it appears to be "ghost written" by the Defendant's prior counsel and merely signed by the Defendant, as the signature date in the answer is incorrect and the pleadings show an understanding of law and civil procedure that a pro se litigant would likely not have. This "ghost writing" aspect raises serious issues, and the Plaintiffs reserve their right to seek sanctions and costs from the Defendant.

## MATERIAL UNDISPUTED FACTS

3. The Declaration of Karen Acker of Undisputed Facts is annexed hereto as Exhibit "C". A summary of the undisputed facts are set forth herein below.

4. The Plaintiffs are siblings of the Defendant and, due to bad conduct solely by the Defendant, have been embroiled in vexatious and at times spurious litigation, related to their father's estate, the Estate of Stanley Acker (the "Estate") and the Matter of the Irrevocable Life Insurance Trust, Stanley Acker, Grantor dated October 1, 1987 (the "1987 Trust"). Both matters are still pending in Palm Beach County, Florida. The Defendant, however, pursuant to a final and non-appealable judgment has already been found to have committed willful and malicious tortious acts and/or to have breached his duties in his capacity as a fiduciary to Plaintiffs in both cases, resulting in various non-dischargeable claims.[2]

5. Throughout the administration of the Estate, the Defendant breached his fiduciary duties, causing claims arising from numerous and duplicative litigation and legal fees that plagued and sapped the administration of the Estate, which directly harmed the Plaintiffs despite previously agreeing to a valid and enforceable settlement agreement to resolve these issues (the "2010 SA").

6. On February 2020 the Florida Court issued a final Judgment (the "2020 Judgment") against the Defendant, finding inter alia, the Defendant was in material breach of the 2010 SA. A copy of the 2020 Judgment is annexed hereto as Exhibit D. The 2020 Judgment specifically supported the expert witness. The Court specifically found:

> "Mr. Forman's testimony is credible. Pursuant to 733.901(2), Florida Statues, the instant actions filed by KA and DA (Plaintiffs) are not barred by any statute of limitations. MA's (Defendant's) testimony was not credible and from his actions it is clear he did not adhere

---

[2] This Motion specifically relates to one of the claims of the Estate which has been fully adjudicated and is a final non-reversible judgment against the Defendant. The other Estate claims and claims for the 1987 Trust will be handled in a separate motion and hearing since although there are court orders addressing these matters, there are amounts still left to be adjudicated against the Defendant. Upcoming hearings are continuing to be scheduled to address these specific amounts to be charged against the Defendant.

to Florida law regarding personal representatives and trustees. Furthermore, he failed to abide by multiple terms of the 2010 SA (Settlement Agreement) by taking actions including but not limited to:

a) Interference with the IRS and its Audit, including but not limited to seeking to have a higher tax burden imposed upon the Estate, which led to the imposition of significant additional and unnecessary legal and other professional fees upon the Estate;
b) MA's [Defendant's] interference in the Accounting Proceeding;
c) Repeatedly attempting to unilaterally remove the court appointed fiduciary;
d) Objecting to, and/or blocking payment of administrative expenses, including professional fees incurred in connection with the administration of the Estate;
e) Refusal to abide by the terms of the 2010 SA requiring that all future accounting be waived;
f) Contacting the IRS and making false allegations of a conspiracy;
g) Failing to abide by the duties imposed upon fiduciaries, such as MA [Defendant], duties to (I) carry out the decedent's intent; (ii) to administer and close the estate in the most efficient manner possible; (iii) to respect and abide, and not hinder, the majority decisions made by his co-fiduciaries; and (iv) to act, at all times, in the best interests of the Estate; and
h) By acting in his own personal interests instead of acting in the best interests of the Estate."

7. The 2020 Judgment also found that "MA [Defendant] breached his fiduciary duties to the Estate, his co-fiduciaries, and his co-beneficiaries. MA's [Defendant's] actions dictate application of the Inequitable Conduct Doctrine recognized by the Florida Supreme Court in *Bitterman v Bitterman*, 714 So. 2d 356 (Fla.1988). As applied by the Florida Supreme Court, this doctrine permits an award of attorney's fees and costs against a party personally where they acted egregiously, in bad faith, vexations, wantonly, or for oppressive reasons. Independently and collectively, the Court (Florida court) finds that MA's [Defendant's] breaches of the 2010 SA, his breaches of fiduciary duties, and other actions were egregious, in bad faith, vexations, wanton or oppressive."

8. The 2020 Judgment also found that "Petitioners' [Plaintiffs'] expert witness, Peter Forman, Esq, who has over 30 years of probate experience, testified credibly that MA's [Defendant's] behavior toward the Estate was due to "pure animus", in violation of Florida Law,

and probate rules…." Defendant's misconduct has not only been found in Florida but also in New York where he continued filing lawsuits against Plaintiffs and wherein the Honorable Judge Thomas E Walsh, II New York State Supreme Court, by Order dated December 15, 2014 stated: "Nonetheless, the defendants [Plaintiffs] have made out a compelling case that plaintiff Mark Acker [Defendant] is motivated by animus, and that he is willing to sacrifice a reasonable sale price to spite his siblings.".

9. In the 2020 Judgment, the Florida Court awarded, inter alia, the following damages in favor of the Plaintiffs and against the Defendant, which are to be surcharged from the Defendant's share of the Estate or Martial Trust, or otherwise imposed against him personally:

a) Tannenbaum Halpern attorneys' fees related to the Accounting Action, as testified to by expert Peter Forman, Esq.: $362,500.00;

b) Proskauer Rose attorneys' fees not related to the Declaratory Action as testified to by expert Peter Forman, Esq., Jonathan Galler, and Karen Acker: $225,500.00;

c) Proskauer Rose attorneys' fees related to the Declaratory Action, as testified to by expert Peter Forman, Esq.: $254,000.00;

d) Gutter Chavez attorneys' fees, as testified to by expert Peter Forman, Esq.: $58,000.00;

e) Additional fees incurred in the Marital Trust action since trial began in March 2019, as testified to by Karen Acker: $60,000.00;

f) TOTAL: $960,000

10. After an 18-month failed attempt appealing the 2020 Judgment, the 2020 Judgment became final in early 2022.

# ARGUMENT

11. Summary judgment under Federal Rule 56 as incorporated in Bankruptcy Rule 7056 is required when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; *Horror Inc. v. Miller*, 15 F.4th 232, 240 (2d Cir. 2021). Under Federal Rule 56(g) "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). The materiality of facts must be determined with reference to the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d.202 (1986). A fact is material "only if it affects the result of the proceeding and a fact is in dispute only when the opposing party submits evidence such that a trial would be required to resolve the differences". *In re CIS Corp.*, 214 B.R. 108, 118 (Bankr. S.D.N.Y. 1997).

12. Where there are no genuinely disputed issues of material fact, and the only disputes are ones relating to questions of law and the application of the law to the undisputed facts, summary judgment is appropriate. In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, 192 B.R. 342, 349 (Bankr. S.D.N.Y. 1994). "[T]he proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment." *In re NIU Holdings LLC*, 624 B.R. 22, 35 (Bankr. S.D.N.Y. 2020) (citing *Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002)).

13. The burden is on the moving party to establish the absence of material fact and identify portions of pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing to former Fed. R. Civ. P. 56(c)). The burden then shifts to the

non-moving party, who must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The non-moving party is not required to present a defense to an insufficient presentation of facts by the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (quoting 6 J. Moore, Fed. Prac. 56.22(2), pp. 2824-25 (2d ed. 1966)). However, if the non-moving party fails to address the movant's assertion of fact, the court may consider the fact undisputed. Fed. R. Civ. P. 56(e)(2).

**PURSUANT TO THE FINDINGS CONTAINED IN THE 2020 JUDGMENT, PLAINTIFFS' FIRST CAUSE OF ACTION FOR NONDISCHARGEABILITY FOR WILLFUL AND MALICIOUS INJURY WITH REGARD TO LITIGATION CONCERNING THE 2010 SA AND PLAINTIFFS' SECOND CAUSE OF ACTION FOR NONDISHARGEABILITY FOR FRAUD OR DEFALCATION IN A FIDUCIARY CAPACITY ARE ENTILED TO SUMMARY JUDGMENT**

**A. The 2020 Judgment Must be Given Preclusive Effect in this Adversary Proceeding**

14. The law is well settled that a state court judgment must be given preclusive effect, at least for collateral estoppel purposes, in a subsequent federal court proceeding if the state in which the judgment was rendered would do so. The full faith and credit statute, 28 U.S.C. § 1738, provides in relevant part as follows:

> [The records of state judicial proceedings] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

15. In *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Supreme Court resolved any lingering doubts whether collateral estoppel applies in denial of discharge adversary proceedings. The precise issue in Grogan was whether § 523(a)(2) "requires a defrauded creditor to prove his claim by clear and convincing evidence in order to preserve it from discharge." *Id*. at 281, 111 S.Ct. 654. Grogan had obtained a final fraud judgment against Garner in federal court, recovering both compensatory and punitive damages, in a jurisdiction

7

requiring proof of fraud by a preponderance of the evidence. *Id*. at 284, 111 S.Ct. 654. "If the preponderance standard also governs the question of nondischargeability, a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action." *Id*. If the clear and convincing standard applied, the prior judgment could not be given collateral estoppel effect. *Id*. The Court concluded that § 523(a)(2) only requires proof by a preponderance of the evidence. *Id*. at 287, 111 S.Ct. 654.

16. After Grogan there can be no doubt that collateral estoppel can apply in a denial of discharge adversary proceeding. *In re Shiver*, 396 B.R. 110 (Bankr. S.D.N.Y. 2008). "The full faith and credit statute requires that where the earlier fraud judgment was rendered in a state court, it is the collateral estoppel law of that state that determines the effect to be accorded the state court judgment." *Id.* "Three Second Circuit cases hold that state law controls issue preclusion in bankruptcy cases whether the state court judgment arose from a fully litigated case or from a default judgment." *Id.*, See also *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir.1987); *Giaimo v. DeTrano (In re DeTrano)*, 326 F.3d 319, 322 (2d Cir.2003); *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir.2006). Therefore, the findings in the 2020 Judgment cannot be disputed or collaterally attacked.

**B. Plaintiffs' Claims Concerning the 2020 Judgment are Nondischargeable Under 11 U.S.C. § 523(a)(4)**

17. Section 523(a)(4) of the Bankruptcy Code provides that a debtor cannot discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Plaintiffs claim that the debt owed to them should be excepted from the Defendant's discharge by reason of his defalcation while serving as trustee of their father's

estate. To prevail, the Plaintiffs must prove the existence of a debt created while the Defendant was acting as a fiduciary and that the debt was caused by defalcation. *Estate of Cora v. Jahrling (In re Jahrling)*, 816 F.3d 921, 924-25 (7th Cir. 2016) (citations omitted). Establishing defalcation requires proof of "a culpable state of mind . . . . involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013). Each element of the cause of action must be examined to determine whether the state court record supports the entry of summary judgment on that element.

18. The Plaintiffs must also prove that the debt to be excepted from discharge arose while the Debtor was acting as a fiduciary. *Jahrling*, 816 F.3d at 925. In defining defalcation, the Supreme Court has held that "an intentional wrong" is required. *Bullock*, 569 U.S. at 273. The Court included "as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent." *Id*. At 273-74. All of these elements have been satisfied and will be explained below.

19. Here, there is no dispute that the 2020 Judgment is final and non-appealable. Therefore, none of the determinations made in the 2020 Judgment can be disputed by the Plaintiff. Concerning the applicability of Section 523(a)(4), the 2020 Judgment specifically found that Defendant had committed the following actions but not limited to:

a) Failing to abide by the duties imposed upon fiduciaries, such as MA [Defendant], duties to (i) carry out the decedent's intent; (ii) to administer and close the estate in the most efficient manner possible; (iii) to respect and abide, and not hinder, the majority decisions made by his co-fiduciaries; and (iv) to act, at all times, in the best interests of the Estate; and

b) By acting in his own personal interests instead of acting in the best interests of the Estate."

20. These above actions found by the Florida State Court are conclusive, undisputed and binding evidence of a violation of 11 U.S.C. §523(a)(4). Plaintiffs have established by a preponderance of the evidence Defendant may not discharge the debt owed to Plaintiff under § 523(a)(4). That is because the undisputed evidence shows that: 1) there is a debt owed by the Defendant to the Plaintiffs, by way of the 2020 Judgment of $960,000, 2) the Defendant was acting as a fiduciary when he committed these acts while a trustee of his father's estate, and 3) the Florida Court as held above, found the Defendant's conduct amounted to breach of his fiduciary duties. Furthermore, the 2020 Judgment states "MA's [Defendant's] breaches of the 2010 SA, his breaches of fiduciary duties, and other actions were egregious, in bad faith, vexations, wanton or oppressive."

**C. Plaintiffs' Claims Concerning the 2020 Judgment are Nondischargeable Under 11 U.S.C. § 523(a)(6)**

21. Section 523(a)(6) of the Bankruptcy Code provides in relevant part that "[a] discharge under section 727 [of the Bankruptcy Code] does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to an other entity or to the property of another entity .... " 11 U.S.C. § 523(a)(6); see also 11 U.S.C. § 727. "[T]he word 'willful' indicates 'a deliberate and intentional injury, not merely a deliberate or intentional act that leads to injury.'" See *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). The Second Circuit Court of Appeals has explained the meaning of the terms "willful" and "malicious" in this context as follows:

> The term "willful" in this context means "deliberate or intentional." The term "malicious" means wrongful and without just cause or excuse, even in the absence

of personal hatred, spite, or ill-will. Malice may be constructive or implied. Implied malice may be demonstrated "by the acts and conduct of the debtor in the context of [the] surrounding circumstances."

See *Navistar Financial Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 87 (2d Cir. 1996) (citations omitted, alteration in original); see also *Wright v. Bujnowski (In re Wright)*, 209 B.R. 276, 279 (E.D.N.Y. 1997) (noting that the Second Circuit's definition of willful is supported by the weight of authority and that the definition of malicious "also is well subscribed"). In a nondischargeability action, the Plaintiff bears the burden of proving "willful and malicious" injury by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

22. Additionally, the Plaintiffs are entitled to summary judgment under section 523(a)(6) because the 2020 Judgment, again a final and non-appealable judgment, specifically found because Defendant had committed the following actions but not limited to:

a) Interference with the IRS and it's Audit, including but not limited to seeking to have a higher tax burden imposed upon the Estate, which led to the imposition of significant additional and unnecessary legal and other professional fees upon the Estate;

b) MA's [Defendant's] interference in the Accounting Proceeding;

c) Repeatedly attempting to unilaterally remove the court appointed fiduciary;

d) Objecting to, and/or blocking payment of administrative expenses, including professional fees incurred in connection with the administration of the Estate;

e) Refusal to abide by the terms of the 2010 SA requiring that all future accounting be waived; and

f) Contacting the IRS and making false allegations of a conspiracy;

23. The Florida court also stated in the 2020 Judgment that, "All the foregoing conduct by MA [Defendant] was directly at odds with his fiduciary duties to the Estate, his co-fiduciaries,

and his co-beneficiaries." Even further, the Florida court stated, "What the evidence showed was that this was not a grand conspiracy against MA [Defendant] but instead a crusade by MA [Defendant] to ruin his siblings while wasting the estate assets in the process." Accordingly, as a result of the Defendant's actions as found under the 2020 Judgment, the Plaintiffs suffered an injury. The actions of the Defendant and injury caused thereby, led the Florida court to issue the 2020 Judgment, which awarded the Plaintiff's $960,000 and specified the Defendant's conduct as willful and malicious and in breach of his fiduciary duty. Consequently, pursuant to section 523(a)(4) and 523(a)(6) of the Bankruptcy Code, the Defendant is also not entitled to receive a discharge from any of the Plaintiffs' claims arising out of the 2020 Judgment.

## PLAINTIFFS REQUEST IMMEDIATE ENTRY OF PARTIAL SUMMARY JUDGMENT AND SEVERANCE OF THE REMAINDER OF THE ACTION FOR LATER TRIAL

24. In addition to seeking partial summary judgment, on the first and second cause of action under the complaint, the Plaintiffs seek the entry of an order severing the remaining claims, plus interest, attorneys' fees and punitive damages for later trial pursuant to Fed.R.Civ.P. Rule 54(b). Fed.R.Civ.P. Rule 54(b) states as follows:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

25. Cause must be demonstrated for the severance of the remaining claims so as to permit partial summary judgment to be entered. The Court, in *T.S.I. 27, Inc. v. Berman Enterprises, Inc.,* 115 F.R.D. 252 (S.D.N.Y. 1987) found that hardship to the Plaintiff warranted entry of partial

judgment pursuant to Fed.R.Civ.P. 54(b) and severance of the remaining claims for later trial.

26. Plaintiffs should not be subject to the delay of awaiting potential lengthy proceedings in a Florida court. The history of this matter demonstrates that matters in the Florida court will likely be subject to lengthy and contentious delays of the kind that led to the 2020 Judgment.

**PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEYS' FEES INCURRED IN LITIGATING THIS ADVERSARY PROCEEDING**

27. Courts in the Second Circuit have permitted an award of (non-dischargeable) attorneys' fees when a creditor is forced to litigate the nondischargeability of certain claims. See, e.g., *Buffalo Gyn Womenservices, Inc. v. Behn (In re Behn)*, 242 B.R. 229 (Bankr. W.D.N.Y. 1999). If attorneys' fees incurred in enforcing a debt are available under nonbankruptcy law, for example pursuant to a contract or statute, then such fees also are available in a nondischargeability action. See id. at 241 (citing *Wegmans Food Markets, Inc. v. Lutgen (In re Lutgen)*, No. 98-CV-0764E, 1999 U.S. Dist. LEXIS 5160, at *2-3 (W.D.N.Y. Apr. 5, 1999). At least one bankruptcy court in the Second Circuit has found that attorneys' fees are available when the creditor proves that a debt is not dischargeable because it arose from a willful violation of a prior federal court order resulting in a finding of contempt. See *Id.* In *Behn*, the court reasoned that:

> the purpose of an award of attorney's fees for an injury caused by a 'willful' violation of a court order is undermined when one must hire a lawyer to "re"-prove here that such a violation was indeed such an injury .... [This] assures that the fact that the obstacle to enforcement that is raised by resort to the Bankruptcy Code and the obtaining of a discharge in this Court without offering a stipulation of nondischargeability, does not cause a loss to a plaintiff whose theory here is the very same as the theory upon which the nondischargeable debt rested.

242 B.R. at 242. Just like the Plaintiff in *Behn*, Plaintiffs are entitled to reasonable attorneys' fees incurred in litigating the nondischargeability of their claims because the Defendant here seeks to

have Plaintiffs relitigate the same issues previously decided by the Florida State Court.

## WAIVER OF SEPARATE MEMORANDUM OF LAW

28. Pursuant to Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York, because there are no novel issues of law presented herein, and this Motion adequately sets forth the authority for the relief requested, Plaintiffs respectfully request that the Court waive the requirement that a separate memorandum of law be submitted in support of this Motion.

## NOTICE

29. Plaintiffs will provide notice of this Motion to Defendant via first class mail and will file a supplemental proof of service when service has been effected. In light of the nature of the relief requested, Plaintiffs submit that no other or further notice need be provided.

30. No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order, substantially in the form annexed hereto as Exhibit "E," granting partial relief requested in the Adversary Proceeding with respect to Defendant and granting such other and further relief as is just and proper.

Dated: White Plains, New York
April 19, 2023

DAVIDOFF HUTCHER & CITRON LLP

By: */s/ Jonathan S. Pasternak*
Jonathan S. Pasternak
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
jsp@dhclegal.com

*Attorneys for David & Karen Acker, Plaintiffs*