

## DAVIDOFF HUTCHER & CITRON LLP

ATTORNEYS AT LAW

120 BLOOMINGDALE ROAD
WHITE PLAINS, NEW YORK 10605

TEL: (914) 381-7400
WWW.DHCLEGAL.COM

FIRM OFFICES

NEW YORK
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NY 10158
(212) 557-7200

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WRITER'S DIRECT: 646-428-3124
E-MAIL: JSP@DHCLEGAL.COM

June 23, 2025

Hon. Sean H. Lane
United States Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601

> **Re: Acker v. Acker**
> **Adv. Pro. No. 22-07038**

Honorable Judge:

As per the Court's request at the last pre-trial conference in the above referenced Adversary Proceeding, I am writing to give the Court a status update on the remaining claims of Karen and David Acker which await further rulings by the Florida Probate Court (and Florida Civil Court) that will then permit the determination of the second through ninth causes of action.

Since the commencement of the Debtor's bankruptcy and the lifting of the stay, there has been continued litigation in Florida concerning the Estate of Stanley Acker ("Estate")[1] and the Class "1" administrative fees payable from the Estate. [2]

---

[1] See Florida Probate Court Case No.: 50 2008 CP 001929 (State of Florida, Palm Beach County, Fifteenth Judicial Circuit)

[2] Pursuant to Fla. Stat. §733.707(1), Class "1" attorney's fees and expenses related to the administration and obligations of the decedent's estate are to be paid from the decedents' estate.

In November 2023 David and Karen Acker's counsel, the Markarian Law Firm and Saavedra |Goodwin Law Firm, filed with the Florida Probate court their claims against the Debtor in the Estate of Stanley Acker, for prevailing party litigation and appellate fees (in respective amounts of $686,324.91 and $41,370.47) against the Debtor. The Markarian Law Firm and the Saavedra |Goodwin Law Firm were already awarded the requested prevailing party litigation and appellate fees in the Estate by order of the Florida 4th Court of Appeals in 2022, and within the hearings that took place during November 28, 2023, June 17, 2024, and December 16, 2024, which fees are to be assessed against the Debtor in a further order of that Court. All of these fees for Karen and David Acker have been awarded by the Florida Courts in connection with the $960,000.00 Judgment, which this Court has already ruled as nondischargeable, but we are awaiting the award to be memorialized in an order of the Florida Probate Court, which is being held up by matters being addressed related to new claims in the Florida Court of Donna Solomon, explained further below. The $686,324.91 and $41,370.47 fees relate to David and Karen Ackers Bankruptcy Claim of $650,000.00.

Also, in November 2023 the Florida Court awarded administrative fees of The Markarian Law Firm and the Saavedra Goodwin Law firm to be paid by the decedents estate, (in respective amounts of $145,851.00 and $174,076.75), one third of which has already been determined to be paid by the Bankruptcy Court (representing Mark Ackers one third interest of the estate monies already disbursed to the Bankruptcy Estate.) A written order has already been received for the $145,851.00, however the $174,076.75 is still awaiting a written order from the Florida Court due to the delays as mentioned above and below. Donna Solomon administrative fees were also addressed during the hearings mentioned above which resulted in a court ordered mediation that delayed resolve of this matter and as mentioned further below continues to delay this matter.

Karen and David Acker have additional claims in the Bankruptcy for $400K and $600K related to the matter of the 1987 Trust, that they are currently seeking final judgment from the Florida Court. The Florida Probate court originally found in its December 7, 2018, Order for Partial Summary Judgment that Mark Acker "has breached his fiduciary duties in his management of the Trust and has failed to provide a proper Accounting of the Trust" and had "us[ed] Trust Funds for … matters for his own use and/or personal benefit". In addition, the Debtor never provided any supporting documentation regarding the source of the funding for the 1987 Trust; thus Karen and David Acker were also never able to confirm whether the 1987 Trust was even properly funded.

As a consequence of the Debtor's misconduct and/or misappropriation of 1987 Trust funds, i) The Debtor was removed as trustee, ii) the Debtor was also to be surcharged for a) inappropriate accounting and legal services, totaling $173,387.62 and also b) for five (5) separate loans totaling $611,000.00, which Respondent in his Verified Answer were made by the Trust from 2008 – 2010, which remains unaccounted for. In addition, Karen and David Acker were awarded "their reasonable attorneys' fees and costs" for prevailing on the Motion for partial summary judgment in this 1987 Trust matter.

The Court partially rescinded the December 7, 2018, order - solely as it relates to the $611,000 loans - on the basis that the only factual predicate in the court record that the $611,000 in loans occurred (and were made by the Estate) was the verified statements/averments of Mark Acker that the $611,000 in loans had in fact taken place. Karen Acker and David Acker have reserved their right to appeal this issue and believe that Mark Acker will ultimately be found liable for his failure to account for the $611,000 in loans, which he averred had taken place for several years and only revised/recanted this averment when found to have been personally liable for same. A hearing to address this is still open with other matters needing resolve first.

The attorney fees incurred by Karen and David Acker for prosecuting the 1987 Trust matter thus far, is $360,674.58. Thus, the total claim against the Debtor in this 1987 Trust Matter is thus far $1,145,062.20 ($173,387.62, $360,674.58 and $611,000.00). Attached are an Affidavit and Order on Motion for Partial Summary Judgment. David and Karen Acker have already filed a claim in the Bankruptcy on this matter for $1,000,000.00 ($400,000.00 and $600,000.00).

As a further explanation for the delay on all the above matters, on April 28, 2025, Debtor's former counsel Donna Solomon filed i) an amended petition for fees in the 1987 Trust matter (which has still not been noticed for hearing) and she is additionally requesting ii) Costs within the Estate Matter (based on Solomon believing she is the prevailing party in the recent mediation which addressed her administrative costs) which is now noticed for hearing on July 29, 2025. The Florida Probate Court has indicated it needs to resolve these additional matters before making any further rulings or orders on the existing and additional "fee shifting" claims of the Plaintiff against the Debtor as described hereinabove.

David And Karen Acker's Florida counsel has represented to the undersigned that i) he will seek fees for Karen and David Acker as against the Debtor in the Florida Probate Court for their successful litigation of the 1987 Trust matter on or before September 1, 2025 and ii) he will seek closure of the Estate and final determination of, inter alia, all estate administrative costs and "fee shifting" claims so that this Court may consider a further summary judgment motion on counts 2 through 9 and other items to help see closure of this bankruptcy proceeding.

Respectfully,

*/s/ Jonathan S. Pasternak*

Jonathan S. Pasternak, Esq.

JSP/